NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 1 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE SAMUEL SANCHEZ-LOPEZ, et al. | No. 18-72221 |
| Petitioners, | Agency Nos. A202-004-113 |
| v. | A202-004-112 |
| | A208-277-633 |
| MERRICK B. GARLAND, Attorney General, | A208-277-634 |
| | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2021**
Pasadena, California

Before: MILLER and LEE, Circuit Judges, and HILLMAN,*** District Judge.

Petitioners Jose Samuel Sanchez-Lopez, Yeimi Diaz-Lopez, and

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** Oral argument was scheduled for this matter on March 5, 2021, but the panel granted the parties' motion for referral to mediation on February 25, 2021. The panel unanimously concludes that this case is suitable for disposition without oral argument. See Fed. R. App. P. 34(a)(2).

*** The Honorable Timothy S. Hillman, United States District Judge for the District of Massachusetts, sitting by designation.

their children, S.A. Diaz-Lopez and A.D. Lopez-Diaz, natives and citizens of El Salvador, petition for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny the petition.

1. Substantial evidence supports the BIA's denial of asylum based on the proposed particular social group of "vendors threatened with extortion in El Salvador." The record does not compel the conclusion that the definition of the proposed group is sufficiently particular. In other words, it is not "defined by characteristics that provide a clear benchmark for determining who falls within the group, such that the group possesses 'discrete and . . . definable boundaries'" which are not "amorphous, overbroad, diffuse, or subjective." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1077 (9th Cir. 2020) (citing *Matter of M-E-V-G-*, 26 I & N 227, 239 (BIA 2014); *Nguyen v. Barr*, 983 F.3d 1099, 1103 (9th Cir. 2020) (citing *Matter of W-G-R-*, 26 I & N Dec. 208, 214 (BIA 2014)). In addition, substantial evidence supports the BIA's determination that the group is impermissibly circular. The BIA has long held that to be cognizable, "a particular social group *must* 'exist independently'" of the harm claimed by an applicant for asylum or withholding of removal and that "individuals in the group must share a narrowing

2

characteristic other than risk of being persecuted," and Petitioners' proposed

social group cannot exist independently outside of the unifying fact that they have

been threatened with extortion. *Diaz-Reynoso* at 1081 (emphasis in original)

(citing *Matter of M-E-V-G-*, 26 I & N 227, 236 n.11 (BIA 2014). Furthermore,

the BIA's reference to *Matter of A-B-I*'s general observation that "[s]ocial groups

defined by their vulnerability to private criminal activity likely lack the

particularity required under *M-E-V-G-*, given that broad swaths of society may be

susceptible to victimization" does not require remand, despite the Attorney

General's recent decision in *A-B-III* vacating *A-B-I*, because the BIA properly

applied pre-*A-B-I* precedent to determine whether Sanchez-Lopez's vendor class

was cognizable. *See Matter of A-B-I*, 27 I & N 316, 335 (AG 2018), *superseded

by Matter of A-B-III*, 28 I & N 307 (AG June 21, 2021)).

Finally, even if such a social group were cognizable, substantial evidence

supports the BIA's finding that there was no nexus between Sanchez-Lopez or

Lopez-Diaz's harm and their membership in the group. Sanchez-Lopez testified

that the gang tried to recruit him to extort the local taxi drivers in order to further

their criminal enterprise and accumulate money and power, and that the gang later

assaulted him because he refused to cooperate, rather than on account of his

membership in the group of "vendors who have been extorted in El Salvador."

There is no evidence that Petitioners' status as vendors was "a reason" for the

3

attack, let alone "a central reason." *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

2. Petitioners failed to exhaust their alternative asylum and withholding theory that they have a well-founded fear of persecution based upon his anti-gang political or imputed political opinion. The Illegal Immigration Reform and Immigrant Responsibility Act limits federal court review of administrative removal orders to claims in which "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1); *see Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004) ("[E]xhaustion of administrative remedies is a prerequisite to our jurisdiction."). In order to exhaust a claim and thereby preserve it for our review, "an alien must first appeal any purported errors by the IJ to the BIA" by "specify[ing] which issues form the basis of the appeal" rather than stating a "general challenge." *Arsdi v. Holder*, 659 F.3d 925, 928-29 (9th Cir. 2011); *Cortez-Acosta v. INS*, 234 F.3d 476, 480 (9th Cir. 2000) (per curiam). By relegating their written argument to one sentence in their particular social group statement and BIA briefs, neglecting to provide substantial evidence to establish their purported anti-gang political or imputed anti-gang political opinion, and not clearly stating how the IJ and BIA erred by not considering their asylum and withholding eligibility based upon that protected ground, Petitioners failed to exhaust their political or imputed political opinion claim. We therefore lack

4

jurisdiction to consider it here.

3. Substantial evidence supports the BIA's denial of withholding of removal. Because Petitioners cannot satisfy the less onerous "well-founded fear" standard for asylum based upon their proposed social group—which is not cognizable—or Sanchez-Lopez's political opinion or imputed political opinion claim—which is unexhausted—it necessarily follows that they cannot prove a "clear probability" of persecution to qualify for withholding of removal.

4. Substantial evidence also supports the BIA's determination that Petitioners failed to establish eligibility for CAT relief. Substantial evidence supports the BIA's finding that the past harms suffered by Sanchez-Lopez and Yeimi Diaz-Lopez did not rise to the level of torture, as torture is defined under 8 C.F.R. § 1208.18(a). While threats and beatings can constitute torture under certain extreme circumstances, the evidence pertaining to the gang's two assaults against Sanchez-Lopez and the threats against Yeimi Diaz-Lopez does not compel such a finding on substantial evidence review. *See Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013). Furthermore, substantial evidence supports the BIA's finding that Petitioners failed to establish a clear probability that they would be tortured if they return to El Salvador.

**PETITION DENIED IN PART, DISMISSED IN PART.**

5